1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In RE APPLICATION OF WILLIAM TACON, LIQUIDATOR OF THE MONARCH POINTE FUND LTD., FOR ASSISTANCE BEFORE A FOREIGN TRIBUNAL | CASE NO. MC08-314 (JCx)<br><br>ORDER REGARDING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION<br><br>[CHANGES MADE BY COURT TO PARAGRAPHS 4, 6, 12, 14, 20, 25] |
|---|---|

## ORDER OF THE COURT

Having reviewed the Stipulation Regarding Use and Disclosure of Confidential Information, filed on April 16, 2009, the Court hereby finds good cause and ORDERS as follows:

## TYPES OF MATERIALS WHICH MAY BE DESIGNATED AS "CONFIDENTIAL"

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and any other material or information, produced in response to discovery requests in this litigation (hereinafter, collectively, "Discovery Material"), may be designated by a producing party or non-party as "Confidential" in accordance with this Order.

2. "Confidential Information" shall mean information that is designated by any party as Confidential under the procedures outlined below and that is

subject to protection under Federal Rule of Civil Procedure 26(c), which includes, but is not limited to, any Discovery Material that consists of personal information, such as social security, drivers license and telephone numbers, or consists of financial, trade secret or other proprietary information, the disclosure of which would cause competitive injury.

## **DESIGNATION OF DISCOVERY MATERIAL AS "CONFIDENTIAL"**

3.  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4.  If it comes to a party's or a non-party's attention that information or items designated "Confidential" do not qualify for protection, such party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.  Any documents, material or information produced in discovery in this action that are to be designated "Confidential" may be so designated by the producing party or non-party by: (i) providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"; or (ii) by notifying all other parties in writing of the producing party's claim of confidentiality at any time subsequent to the time of production, in which event the party giving such notice will provide replacement documents bearing the appropriate confidential stamp.

6. Deposition testimony and the transcripts and video recordings thereof conducted during pretrial discovery in this litigation shall be treated in their entirety as Confidential for a period of 20 days or for as many days as the parties shall agree in writing, after receipt thereof to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential Information. Such Confidential Information shall be designated by page number and line, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order. Deposition or other testimony may also be designated as Confidential by stating orally on the record that the information is "Confidential Information" on the day the testimony is given.

7. Inadvertent production of or failure to designate any information as Confidential shall not, of itself, be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information.

## **PRIVILEGED MATERIALS AND ATTORNEY WORK PRODUCT**

8. It is the intent of the parties to assert and preserve all information within the attorney-client privilege or entitled to attorney work product protection. If privileged materials or attorney work product is inadvertently disclosed, such disclosure shall not alone be deemed a waiver of the privilege or protection and shall in no way prejudice assertion of the privilege or protection. The parties will follow the California Rules of Professional Conduct and the Federal Rules of Civil Procedure for any challenges to the claim of privilege or work product protection. The return of claimed privileged or protected material shall not in any way waive the recipient's right to challenge the claim of privilege or protection.

# RESTRICTIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

9. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, including trial, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

11. Confidential Information may be disclosed to the following persons in this action:

    a. Outside counsel for any party, including associated personnel assisting outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

    b. The Court (including the Court having jurisdiction of any appeal) and/or any Court to which this action is transferred, or in which a related action is filed and/or pending;

    c. Consultants and experts retained by a party for the purpose of assisting that party in this action;

    d. Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other person involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which consultants or experts are associated, as well as or litigation support services,

including outside copying services, court reporters (including persons operating video recording equipment), or companies engaged in the business of supporting computerized or electronic litigation discovery, graphic or visual aides, or trial preparation, retained by a party for the purpose of assisting that party in this action;

e. Any court or other entity conducting an arbitration or mediation relating to this action or related actions and arbitrations;

f. Named parties (specifically excluding unnamed class members or potential class members) and their officers, directors, or employees, to the extent deemed necessary by their respective attorneys of record for the preparation and conduct of any trial, arbitration, or mediation in this Action;

g. The identified authors and recipients of the Confidential Information;

h. A witness at a deposition, hearing or interview;

i. Insurers under directors' and officers' liability policies or other insurance policies that provide or may be deemed to provide coverage for any of the claims asserted in this action, and counsel to such insurers; and

j. Any other person who the producing party agrees in writing may have access to the Confidential Information

12. Disclosure:

a. Each person to whom information designated as Confidential is disclosed shall be informed of, and provided with a copy of this Order. Except with respect to persons in categories a, b, d (to the extent it relates to persons associated with a or b), e, g, and i of paragraph 11 above, disclosure of information designated as

Confidential shall not be made to a person unless such person agrees in writing to be bound by this Order by executing the Certificate of Compliance attached hereto as Exhibit A.

    b. Counsel shall maintain a copy of each Certificate of Compliance that has been executed as required by sub-paragraph 12a above.

13. All information designated as Confidential shall be used only for the purpose of litigation relating to the Monarch Pointe Fund in the courts of the British Virgin Islands, and any other related or follow-up litigation in that or other courts. Confidential Information shall not be made public by the receiving party, or any agents thereof, or divulged to anyone other than the persons permitted access as set forth in sub-paragraph 12a above.

14. This Order does not apply to the use of documents at trial or in any court or judicial proceeding where this Order would be prohibited or otherwise inappropriate.

## **CHALLENGES TO CONFIDENTIAL DESIGNATIONS**

15. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

16. If any party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential Information, then the parties to the dispute will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the producing party or non-party must move the

Court for a designation that the Discovery Material is Confidential, by letter brief limited to three pages. The disputing party may oppose by letter brief limited to three pages within one week of receiving the challenged designation. Unless and until the Court rules that the challenged designation shall be removed, the material shall be treated consistent with its existing designation. The producing party or non-party bears the burden of proof in persuading the Court that the information is in fact Confidential within the definition set forth above. A party does not waive its right to challenge a confidentiality designation by failing to raise the challenge promptly after the designation is disclosed. Discovery Material shall not be entitled to a Confidential designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its designation independent of any action by the disputing party, or the disputing party's agents, employees or affiliates. Nothing in this order precludes any party from challenging a confidentiality designation on any other ground.

## **DEPOSITION PROCEDURES**

17. Any deposition testimony concerning a Confidential document produced by a non-party will be marked by the court reporter or videographer as Confidential on the deposition transcript or videotape.

## **EFFORTS BY NON-PARTIES TO OBTAIN CONFIDENTIAL INFORMATION**

18. Nothing herein shall prevent any party from producing Confidential Information in response to a lawful subpoena or other compulsory process. However, if any party has obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, such party shall notify the producing party or non-party, where possible, no later than seven days following receipt of the subpoena, including in such notice the date set for the production of such subpoenaed information, so that the producing party may file a motion for a

1 protective order or to quash the subpoena. If the date set for production of such
2 documents is less than seven days following receipt of the subpoena, then such
3 party shall notify the producing party as soon as practicable prior to the production
4 date for such documents. The party from whom Confidential Information is sought
5 shall resist by all reasonable means any production of Confidential Information
6 until the earlier of (a) seven days after the producing party has received notice of
7 the demand for production and failed to respond or seek a protective order; (b) the
8 date on which the producing party confirms it does not wish to oppose the
9 production; or (c) any date prescribed by a court of competent jurisdiction in a
10 final order compelling the production of Confidential materials. In the event the
11 producing party files a motion to quash or for a protective order on or before the
12 date for compliance (or any extended date), the receiving party shall not produce
13 such confidential information without the consent of the producing party or final
14 order of the Court compelling production.

15     19. The parties will not object to the producing party or non-party having
16 a reasonable opportunity to appear in the litigation or process commanding
17 disclosure of such Confidential Information for the sole purpose of seeking to
18 prevent or restrict disclosure thereof.

### **FILING UNDER SEAL**

20     20. All Confidential Information filed with the Court for case No. MC08-
21 314 (JCx) shall be submitted for filing under seal pursuant to the procedures set
22 forth by Local Rule 79-5, as such rule may be amended. Prior to any trial, any
23 party may petition the trial court to order an appropriate procedure for the use at or
24 during the course of the trial of Confidential Information.

### **PROCEDURES UPON CONCLUSION OF ACTION**

26     21. Upon the conclusion of the action and all related actions (including
27 resolution after all appeals have been exhausted), a party in possession of
28 Confidential Information, other than that which is contained in pleadings,

correspondence, depositions materials, and other litigation files, shall, no later than 6 months after the conclusion of this action either (a) return such Confidential Information to counsel for the party or non-party who provided such Confidential Information, at the expense of the party or non-party requesting the return of the Confidential Information, or (b) destroy such Confidential Information. To the extent any person retains copies of certain documents pursuant to the terms of this paragraph, such information shall continue to be subject to the protections provided by this Order.

## **MISCELLANEOUS**

22. This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

23. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

24. This Order shall not be construed as a waiver by the parties of any objection which might be raised as to the confidentiality or admissibility of any evidentiary material.

25. The parties to the accompanying Stipulation Regarding Use and Disclosure of Confidential Information shall not seek to admit into evidence at trial for any purpose, the existence or non-existence of a designation under this Order.

**IT IS SO ORDERED.**

Dated: April 27, 2009                                    /s/
                                           Honorable Jacqueline Chooljian
                                           United States Magistrate Judge

ORDER REGARDING USE AND DISCLOSURE OF
CONFIDENTIAL INFORMATION

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In RE APPLICATION OF WILLIAM TACON, LIQUIDATOR OF THE MONARCH POINTE FUND LTD., FOR ASSISTANCE BEFORE A FOREIGN TRIBUNAL | CASE NO. MC08-314 (JCx) |

# CERTIFICATE OF COMPLIANCE

I, _____, in connection with the above-captioned proceeding, hereby acknowledge that Confidential Information is being provided to me pursuant to the terms of the ORDER REGARDING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION, dated April ___, 2009 ("Protective Order") in this Litigation. I have read the Protective Order and agree to be bound by its terms. I further agree that I will not reveal the Confidential Information except as allowed by the Protective Order.

At the conclusion of the litigation (including all appeals), I agree to return or destroy the Confidential Information in accordance with the provisions of the Protective Order.

Signed:_____

Address:_____

Telephone:_____

Date:_____